## SULLIVAN et ux. v. CONDAS.

No. 4922. Decided August 13, 1930. (290 P. 954.)

586

*Glen S. Hatch, G. M. Sullivan,* and *E. D. Hatch,* all of Salt Lake City, for appellants.

*Stewart, Alexander & Budge* and *D. B. Hempstead,* all of Salt Lake City, for respondent.

STRAUP, J.

This action was brought by the plaintiffs to recover damages for alleged trespasses by the defendant's sheep and cattle on lands of the plaintiffs situate in Summit county and to restrain further trespasses. The plaintiffs set up five separate causes of action. Three of them relate to alleged trespasses for the years 1925, 1926, and 1927; two of them to trespasses and interferences by the defendant of an alleged private roadway or right of way of the plaintiffs over their lands.

The roadway in such particular is described by plaintiffs in their complaint as follows:

"That on and across the lands of plaintiffs herein described and on and across the lands of the defendant herein mentioned there is an old, wornout, unused, except by the defendant for the three years last past, a roadway or wagon tracks, but that such roadway or track had not been used by anyone other than the plaintiffs, and the defendant for more than twenty years last previous to the year 1924 nor has such roadway been so used by the defendant herein for a period greater than four years last past and that said roadway or trail is not a county or state highway, nor is the same a public highway in any degree at all, nor has it ever been such."

The plaintiffs further alleged that the defendant came upon the lands of the plaintiffs, as in the complaint set forth, "under a pretended and fictitious, and known to be void and without merit, claim to the aforesaid roadway or trail, as right of way belonging to the defendant for the crossing of the lands of the plaintiffs with his sheep and outfits as hereinabove set forth in this complaint"; that the claim of the defendant was groundless; and prayed that he be enjoined from in any manner using the roadway.

The defendant denied the material allegations of the complaint, and as a further defense thereto, and also by way of counterclaim, alleged that the right of way referred to by the plaintiffs in their complaint was a public highway and as such for more than sixty years had been continuously used by the defendant, his predecessors in interest, and by the public generally, and with the knowledge and acquiescence of the plaintiffs and their predecessors until shortly before the commencement of this action, and that the roadway was used by the public generally in traveling up and down White Pine Canyon and was the only means of ingress and egress to and from the defendant's premises on which valuable improvements had been made to the value of $6,500. The defendant further alleged that the public highway ran through the plaintiffs' lands in lot 8, section

1, township 2 south, range 3 east, Salt Lake Meridian, Summit county. A reply was filed to the counterclaim.

The court found all of the material issues in favor of the defendant, found that the roadway in question was a public highway, enjoined and restrained the plaintiffs from obstructing or interfering with it, and rendered and █ entered a decree accordingly. The plaintiffs appeal. No part of the assignments of error is contained in the abstract. The rules of this court require the assignments of error, or so much thereof relied on, to be set forth in the printed abstract with references to the pages of the transcript and of the abstract where the rulings complained of appear. An assignment of errors was filed with the clerk of this court. But it does not indicate where, in the transcript of the record or in the abstract, the rulings complained of appear. We are left to inspect a transcript of about six hundred eighty typewritten pages to find them. A failure to comply with such rules, of course, is not jurisdictional. The rules are for our convenience and to aid us in finding the rulings in the record. In some instances, because the rules in such respect are not complied with, in large records unnecessary labor is imposed on us and sometimes much difficulty in finding the rulings and the particular proceedings had with respect to them. We are not for such reason inclined to refuse a consideration of the assignments when otherwise sufficiently made, presented, and discussed in the briefs. It sometimes, however, is annoying in searching for something said to be buried somewhere in a voluminuous record. As the appellants are not the only offenders in such particular, we visit no penalty upon them for their failure to comply with the rules indicated, yet let this be an admonition that the rules are made to be complied with.

The evidence at the trial was directed largely to the question of whether the roadway was a private way or a public highway. That was the dominant factor tried in

the case. The assignments of error go largely, if not wholly, to the issues and matters presented by the counterclaim and the complaint respecting the question of whether the roadway was a private way or a public highway. The pertinent assignments relied on and discussed in appellants' brief and as stated by them relate to the propositions: (1) Insufficiency of a description in the counterclaim of the alleged public highway to justify the findings that the highway was a public highway; (2) admitting in evidence on behalf of the defendant over the objection of the plaintiff's testimony of an engineer as to a survey of the highway made by him during the trial; and (3) insufficiency of evidence to justify the findings and conclusions that the roadway was a public highway.

In support of the first proposition, it is urged "that the counterclaim was fatally defective in failing to set up metes, bounds, variations, courses and distances" of the highway; and because of such failure it is urged there were no sufficient allegations in the counterclaim to support the findings and decree. In support of that the appellants chiefly cite *Leverone* v. *Weakley*, 155 Cal. 395, 101 P. 304; *Fox* v. *Pierce*, 50 Mich. 500, 15 N. W. 880; and 19 C. J. 1001. In the California case it was held that where it is sought to have it decreed that a person's realty is subject to a use or easement in favor of another, it must be described in the pleadings with such certainty as to enable the defendant to definitely know what portion is so claimed, and that the judgment establishing the validity of a claim to a use or easement in land must be definite and certain as to the property affected. In the Michigan case it is held that a right of way which is too indefinite for a determinate description, cannot be established and protected. In 19 C. J. the proposition is stated that the complaint must describe so as to show the nature, extent, and location of the right claimed in order that a definite decree may be entered. The propositions may well be conceded. In the first place, the general character of the alleged roadway in the counter-

claim was not that of a mere private easement, that of a private privilege or advantage which the defendant had over or in the lands of the plaintiffs, or that of a service which the plaintiffs' estate owed to the defendant for his convenience or advantage, but was that of a public highway and which the court was asked to adjudge and which the court did adjudge to be a public highway. The defendant by his counterclaim of course was required to describe the highway sought to be adjudged a public highway, in so far as the highway affected the plaintiffs' lands, with such reasonable certainty as to identify it and to fairly apprise the plaintiffs the particular and manner in which their lands were or might be affected by the alleged location of the highway. The defendant in his counterclaim gave a general description of the location of the highway and the lands of the plaintiffs affected thereby. Further, and as is seen, the plaintiffs themselves in their complaint described the roadway but called it a private and worn-out road and not a public highway. The defendant by his answer and by his counterclaim referred to the same roadway referred to by the plaintiffs in their complaint, but alleged it to be a public highway instead of a private roadway, and further described it as a road running through lot 8, section 1, township 2 south, range 3 east of the plaintiff's lands in Summit county and as a part of the lands described in the complaint of the plaintiffs. There thus was no issue as to the identity of the roadway or as to its course and distance, so far as it affected the lands of the plaintiffs. What in such respect divided the parties was as to whether the roadway was a private way or a public highway. There thus was in the counterclaim a sufficient general description of the roadway which fairly apprised the plaintiffs of the location of it sought to be adjudged a public highway and the lands of the plaintiffs affected thereby, to admit evidence with respect thereto. In such circumstance the complaint made by the plaintiffs does not so much involve what they call substance, but an imperfect description, one requir-

ing a greater particularity or to be made more specific or certain, which, if such defect existed, was required to be called in question by a special demurrer, which was not interposed. The assignment in such particular is thus disallowed.

The defendant, before trial, attempted to have a survey made of the road by a surveyor, but was unable to do so because of objections and interferences on behalf of the plaintiffs. After the trial started the defendant obtained an order from the court permitting the survey to be made and which was made while the trial went on. After the defendant had adduced evidence respecting the counterclaim and rested, and the plainttiffs had adduced their evidence with respect thereto and rested, the defendant called the surveyor as a witness, and, over the objection of the plaintiffs, was permitted to put his testimony in evidence and a map made by him containing metes and bounds and courses and distances of the highway and the lands of the plaintiffs through which the highway coursed. The objection made was that the testimony was not rebuttal; and as no metes, bounds, courses, or distances were alleged in the counterclaim it was not competent to adduce evidence with respect to such matters. The evidence so given by the surveyor was in accord with the testimony of other witnesses called on behalf of the defendant as to a general description and location of the roadway. Though the testimony objected to may not technically be regarded as rebuttal, yet, under the circumstances, we think it was within the discretion of the trial court to admit it as a part of the defendant's case. *Musgrave* v. *Studebaker Bros., etc.,* 48 Utah 410, 160 P. 117. We think no error was committed in such respect. Upon the evidence of such survey, the correctness of which is not assailed, findings were made as to a specific description of the highway by metes, bounds, courses, and distances, and the highway so specifically described in the decree. And no contention is made that the

highway was not specifically and with certainty, and by metes, bounds, courses, and distances described in the findings and in the decree. The point made in such respect is that inasmuch as no specific description was alleged in the counterclaim, no evidence could properly be given and no findings made and no decree rendered as to a specific description by metes, bounds, courses, and distances of the highway. We think the contention not well founded.

This brings us to the last proposition, insufficiency of the evidence to support the findings and decree that the roadway was a public highway. The appellants claim that on the record the roadway was merely a private roadway of the plaintiffs established and used by them and their predecessors for their own convenience and that whatever use was made of the roadway by the defendant or by others was with the permission of the plaintiffs and of their predecessors and was merely for the accommodation of others; and hence no right was acquired by the defendant or his predecessors by prescription or by adverse usage, and that the roadway was not used by any one under claim of right hostile or adverse to the plaintiffs' right. Many cases are cited by the plaintiffs to show under what circumstances an easement may or may not be acquired by prescription or by adverse usage of a private right of way. The findings show and the decree determined the roadway to be a public highway. The determining factor, therefor, is as to the sufficiency of evidence to support the findings and the decree in such particular. There is ample and satisfactory evidence to show that as early as 1873 the roadway extended up and down the canyon over the lands now owned by the plaintiffs and the defendant and others, while such lands were a part of the public domain, and was traveled and used by the public generally as occasion required in going up and down the canyon. The patent to the land issued to the predecessors in interest of the plaintiffs was issued in 1906, about thirty-three years thereafter. The plaintiffs

acquired their interest in the lands in 1922 or in 1924. The right of way having been established over public lands by public user, the predecessors of the plaintiffs when the patent was issued to them, and the plaintiffs when they acquired their interests in and to the lands, took them subject to the easement in favor of the public, unless it was thereafter extinguished by operation of the state law, which was not done. 8 Fed. Stat. Ann. (2d Ed.) p. 785, § 2477 (43 USCA § 932) ; *McRose* v. *Bottyer*, 81 Cal. 122, 22 P. 393; *Tholl* v. *Koles*, 65 Kan. 802, 70 P. 881; *Wallowa County* v. *Wade*, 43 Or. 253, 72 P. 793; *Montgomery* v. *Somers*, 50 Or. 259, 90 P. 674; *Bishop* v. *Hawley*, 33 Wyo. 271, 238 P. 284. Under the laws of the territory of Utah (Laws 1880, chap. 29; Laws 1886, chap. 12; Comp. Laws 1888, § 2066; Rev. St. 1898, § 1115, and carried into Comp. Laws Utah 1917, § 2802), a highway is deemed and taken as dedicated and abandoned to the use of the public when it has been continuously and uninterruptedly used as a public thoroughfare for a period of ten years, and when once established must continue to be a highway until abandoned by order of the board of county commissioners of the county in which it is located or by a judgment of a court of competent jurisdiction. We on the record are satisfied that the great preponderance of the evidence supports the findings that for fifty years prior to the commencement of the action, the public generally, the defendant and his predecessors in interest, used and occupied the roadway to the extent of one and one-half rods on each side of the center thereof as it passed through the lands of the plaintiffs and their predecessors in interest, openly, continuously, uninterruptedly, and under claim of right, until wrongfully interfered with by the plaintiffs shortly before the commencement of the action, and used, treated, and regarded the roadway as a public highway. The roadway to such extent was thus decreed to be a public highway.

A further point is made that gates were put up by the plaintiffs and their predecessors in interest, thereby indi-

cating that the character of the roadway was a private road-way and interrupted the use of it. But there is ample evidence to show that whatever gates or fences were put up were erected after the roadway had for many years been established and used as a public highway by the public generally and by those who had occasion to use it and was so continued to be used after as before whatever gates or fences were erected.

A point also is made of a change of the course of the road. Whatever change was made was slight and did not materially change or affect the general course of the highway or of its location nor break or change the continuity of travel or use. *Bolton* v. *Murphy*, 41 Utah 591, 127 P. 335.

We thus are of the opinion that the judgment should be affirmed. Such is the order, with costs to the respondent.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.