499 P.2d 283

**ROY S. LUDLOW INVESTMENT COMPANY, Plaintiff and Respondent,**

v.

**SALT LAKE COUNTY, a body politic, Mountain States Telephone & Telegraph Company, a corporation, and other utilities, Defendants and Appellants.**

**No. 12671.**

Supreme Court of Utah.

July 14, 1972.

Carl J. Nemelka, Salt Lake County Atty., W. C. Gwynn, Deputy Salt Lake County Atty., Salt Lake City, for defendants and appellants.

Paul N. Cotro-Manes, Lauren N. Beasley, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

The dispute in this case is over whether Salt Lake County had vacated and abandoned the street known as 3200 West Street in the area southward from 2100 South Street which borders plaintiff's land, and in which plaintiff claims property rights.[1] The district court found the issue in favor of the plaintiff that the street had been abandoned, and enjoined the defendants Salt Lake County and the utility companies from surfacing and installing utility lines along the abandoned street unless and until proper condemnation proceedings are brought. Salt Lake County appeals.

In challenging that judgment, defendant County persists in the same contentions made in the trial court: that 3200 West Street had been duly dedicated as a public

---

1. The plaintiff Ludlow predicates its claim that said 3200 West Street was abandoned upon the postulate that its use for a street would adversely affect and deprive Ludlow of property rights. In order to determine the issue as to the status of the street, the parties and the trial court have proceeded under an assumption that the plaintiff had such property rights. We have proceeded under the same assumption. But we expressly exclude from this decision any consideration of any problem which may exist or which may arise concerning such property rights. In that regard we note that Sec. 1120, R.S.U. 1898, carried forward in succeeding compiled laws, and being Sec. 27-1-7, U.C.A. 1953, relating to reversion of streets to abutting owners, was repealed by Chap. 39, Sec. 160, S.L.U.1963.

street and that there had been no abandonment thereof; and that the district court committed prejudicial error in allowing proof at variance from the issues raised in the pleadings and stated in the pretrial order.

The street in controversy, 3200 West, was part of Mountain View Subdivision, which was duly platted and recorded in 1890.[2] In 1959, plaintiff (its predecessor Ludlow Townley Company) requested Salt Lake County to vacate the platted but unused streets on land the company owned within that subdivision which extends from 2100 South to 2300 South and from 2700 West to 3200 West. After investigation and report by the County Planning Board, and by the County Attorney, that there had never been any use of the streets in the subdivision except two, 2700 West (Evans Street) and 2100 South (Fremont Street), the Commission passed a resolution to abandon "all of the streets and alleys in Mountain View Subdivision . . . ," but expressly excepted the two streets which had been used. However, its recital of the description of the subdivision appears to have been in error because of the designation of a wrong quarter section.

Nine years later, in 1968, Consolidated Freightways undertook to build a terminal facility in the Mountain View area. It planned to use 3200 West as its access route from the north, i. e., 2100 South Street. On being made aware of uncertainty as to whether 3200 West was a street, the County passed an amendatory ordinance to expressly exempt that street from its prior abandonment order. Thereupon the defendant County, and utility companies, commenced surfacing and installations upon the street. This precipitated the present lawsuit in which, after a trial, the district court made appropriate findings and conclusions that the street in controversy had been abandoned.

▮ At the time of the occurrence of events critical to the determination made by the trial court there was in effect Section 2070 of the Territorial Laws of 1888, which by virtue of Article XXIV, Section 2, of the Utah Constitution became part of the laws of Utah, Section 1116, Laws of Utah 1898, which provided:

> All highways once established must continue to be highways until abandoned by order of the board of county commissioners of the county in which they are situated, by operation of law or by judgment of a court of competent jurisdiction; provided that a road not used or worked for a period of five years ceases to be a highway.

2. As to the effect of dedicating the streets therein, see Secs. 57–5–3 and 4, U.C.A. 1953.

It is true that this statute was repealed by Section 142, Session Laws of Utah, 1911. However, this has no effect upon the findings made by the trial court. It had been the law for 21 years, from 1890 until 1911, during which time the street in question had not been used or worked, and it therefore ceased to be a public way. This would seem to provide an adequate basis for the trial court's determination that 3200 West Street had been abandoned.

Defendants' contention that the trial court committed error in allowing proof at variance from the issues raised in the pleadings and the pretrial order is that it should have not permitted proof of nor taken cognizance of the statute above referred to. We see no merit in this contention. It is pertinent to the issue involved; and the court may take judicial notice of the laws of this State, past and present,[3] and this is so regardless of whether they are referred to in the pleadings or the pretrial order or not.

Supplementary to the conclusion above stated in support of the determination made by the trial court, we make these further observations relating to the 1959 resolution of abandonment. The fact that it recited the abandonment of the streets in Mountain View Subdivision, of which there was a properly recorded plat, but the detailed description in the resolution differed therefrom, created an inconsistency and thus an ambiguity as to what was intended. Accordingly, it was proper for the trial court to look to the total circumstances to determine the intent.[4]

It is significant to note that if the particularized description were taken literally, it would not even cover the land of the plaintiff Ludlow, who had sought the resolution of abandonment. It seems entirely consistent with reason for the trial court to believe that the resolution was intended to be responsive to the petition and to abandon "All of the streets and alleys in Mountain View Subdivision . . . ." as the resolution recited, including 3200 West. Once having so abandoned the street, the County could not re-establish and rededicate it by an amendatory resolution purporting to except that street from its prior abandonment.

Upon giving due consideration to both of the propositions herein discussed, we are not persuaded that the determination of the trial court that 3200 West Street had been abandoned should be reversed.

Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

3. Sec. 78-25-1(3), U.C.A.1953.

4. See Rowley v. Public Service Commission, 112 Utah 116, 185 P.2d 514; and cf. Bennett v. Robinson's Medical Mart, Inc., 18 Utah 2d 186, 417 P.2d 761.