ROY S. LUDLOW INVESTMENT COMPANY, Plaintiff and Respondent,

v.

SALT LAKE COUNTY et al., Defendants and Appellant.

No. 14253.

Supreme Court of Utah.

June 30, 1976.

R. Paul Van Dam, Salt Lake County Atty., Richard S. Shepherd, Donald Sawaya, Kent S. Lewis, Deputy Salt Lake County Attys., Salt Lake City, for defendants-appellant.

Paul N. Cotro-Manes, of Cotro-Manes, Warr, Fankhauser & Beesley, Salt Lake City, for plaintiff-respondent.

HENRIOD, Chief Justice:

Appeal from a damage judgment for plaintiff on a supplemental complaint for

2. *Pugh v. Stratton*, 22 Utah 2d 190, 450 P.2d 463 (1969).

removal of the surface of a roadway on plaintiff's property. Reversed with instructions.

The original action with an amended complaint thereto, from which this so-called "supplemental complaint" has sprung incorporated and continued in the same proceedings, was bottomed on a rather unusual and somewhat confusing course of pleading alleging that defendant "has and is *trespassing* upon plaintiff's property and has and is creating a public way across plaintiff's property and as such has created a *nuisance*, which *nuisance* should be *abated* and the defendant *restrained* and enjoined from creating and maintaining said nuisance," praying that "the court *order* the . . . County to abate the *nuisance*, and remove the roadway." (Emphasis added.)

Nowhere in that original complaint or the amendment thereto, or in the pretrial order, is there any prayer or issue raised for a money judgment or for damages.

That case was before this court[1] before on one point only: Whether the County had *abandoned* the streets in a platted subdivision. We decided: That the County *had* abandoned the streets,—and the County, therefore, had no right to construct the road because of such abandonment.

Upon remand the plaintiff filed a motion to close the roadway, based on our decision, and on the day of the hearing, October 18, 1972, and before it was held, the County removed the road as was prayed for in the complaint.

On March 5, 1973, four and a half months later, the plaintiff moved for permission to file a supplementary complaint (which may or may not have been an afterthought) which, over objection, was granted.[2] The supplemental complaint was *inconsistent with the first complaint,* which prayed for removal of the road, whereas *now plaintiff seeks damages for the very removal it prayed for* in the first instance without any claim for damages.

The trial court, without any urgence whatever on plaintiff's part, volunteered, in a memorandum decision, that "the Court feels that although the plaintiff's complaint sounded in trespass, it was not a wilful trespass but was, if anything, a negligent act . . . in removing the roadway . . . and actually an action in negligence."

We feel that this whole action from beginning to end, was intended to be and was an equity suit. It was steeped in allegations of *nuisance, abatement* thereof, enjoining *the use of the road* and for a *mandatory injunction* to remove it,—all without prayer for or proof of damages.[3]

The basis for the damage award in this case unsolicitedly instituted gratuitously for the plaintiff by the court, not only was unproper but was in error. Unwarrantedly it is condoned by determining how much it would cost to replace a road which the plaintiff did not want replaced, but contrariwise, asked to have removed, and which *was* removed.

It hardly lies in the mouth of the plaintiff either in law or in equity to take the position of having petitioned a court forcibly to require the defendant to remove that which plaintiff wants and asks to be removed, only to indulge a turnabout and say that in doing what plaintiff insists that defendant County do, with the aid and authority of the same court, to then insist on retaining the right to claim damages for replacing that which the plaintiff insisted on removal. In doing so, the plaintiff has neither alleged nor offered any proof whatsoever as to damage to either its land or to its freehold interest.

1. *Ludlow v. Salt Lake County,* 28 Utah 2d 139, 499 P.2d 283 (1972).

2. There is a debatable question under the facts of this case whether plaintiff was entitled to file a supplemental claim, since a different theory is alleged, but we need not decide that question here.

3. Save a $580 claim in the last phase of this case in placing and removing some marker stakes.

The whole thing seems to be somewhat of a non sequitur, illogical and/or unrealistic,—certainly not reasonably justified. The matter of replacement cost being the only claimed measure of damages is even less understandable under the facts of this case. The measure of damages here, even if any had been claimed, would have been the difference in value of the land before the road was put in and the value after the road was removed or perhaps at some point, in between.

Giving the plaintiff the benefit of the doubt, we remand this case with instructions to vacate the damages judgment heretofore entered, and in lieu thereof to enter judgment for $580.

Likewise, in light of what we have said and concluded above, it is felt that points raised anent government immunity, discretion in allowing the filing of a supplemental complaint, estoppel, equitable interests in land, and constitutionally worrisome things need not be canvassed here.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.