John P. CONDAS, George P. Condas, Harry P. Condas, Margarita Creglow Ellis and Tessie Madsen, Plaintiffs and Respondents,

v.

George J. CONDAS, Mary Condas Lehmer, Chris J. Condas, Nick J. Condas, Ellen Condas Bayas, Alexandra Condas Ockey and J. Condas Corporation, a Utah Corporation, Defendants and Appellants.

No. 15669.

Supreme Court of Utah.

Sept. 18, 1980.

Joseph Novak, Salt Lake City, for defendants and appellants.

Claron C. Spencer, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

Plaintiffs, who are cousins of the individual defendants, brought this action to compel defendants to remove two gates constructed across a road in White Pine Canyon, Summit County, which barred access to real property owned by plaintiffs. Plaintiffs alleged that they either have a prescriptive easement to use the road as it crosses defendants' property, or the road is a public roadway, and cannot be barred by defendants.

The District Court for Summit County, sitting without a jury, found that the road is a public roadway, and ordered defendants to remove the gates. The Court also ruled there was not sufficient evidence to find a prescriptive easement. Defendants appeal.

White Pine Canyon is described as a narrow canyon with steep sides located three miles northwest of Park City, Utah. The canyon runs north and south, the mouth of the canyon being to the north and the summit to the south. Defendants' property, which they received from their father, John G. Condas, lies both to the north near the mouth of the canyon, and south near the summit, and, in effect, surrounds plaintiffs' property. Plaintiffs purchased their property from their father, Peter G. Condas, the younger brother of John. Most of this property was acquired by John and Peter Condas by homestead patent, though John's original tract near the mouth of the canyon, was purchased in 1924 by him from one Delbert Redden, who acquired that property by homestead patent in 1912.

John G. Condas died in 1969. In 1971, his children, defendants here, constructed two gates across the contested roadway, one above plaintiffs' property to the south, the other at the north entrance to defendants' property, and thereafter denied passage to their cousins, as well as the general public. This action was brought in 1972.

This appeal centers on an action brought in 1927 by one Sullivan who charged John G. Condas with trespass in driving his sheep across Sullivan's land which lay at the mouth of White Pine Canyon to the north

of John's original tract. John defended that action and counterclaimed on the basis that a public road lay across Sullivan's property which John was entitled to use. John prevailed in that action, the Court determining that a public road of the width of three rods ran across the land of Sullivan. That judgment was affirmed by this Court in *Sullivan v. Condas*, 76 Utah 585, 290 P. 954 (1930–hereafter "*Sullivan*").

In the present action, plaintiffs take the position that a public road existed in the canyon while it was in the public domain long before any homestead patents were established, and that John G. and Peter G. Condas therefore took the property subject to the public roadway; that the decree in *Sullivan* described the road as it crossed Sullivan's property only, as no other property was then in controversy, but the evidence presented at the trial in that case showed that the public road did not end at the border between the Sullivan and John G. Condas property but extended across John's property to plaintiffs' land, and all the way to the top of White Pine Canyon;

and that as it has never been officially abandoned or vacated, the roadway still exists for the use of the general public.[1]

Plaintiffs purposed to establish the same evidence introduced at the trial in *Sullivan.* However, the witnesses who testified in that trial are now deceased, and the original court records, including the transcript of their testimony were not found in this Court, the District Court or the State Archives.[2] Plaintiffs therefore sought to introduce the abstract of record[3] and briefs on appeal from *Sullivan* certified by the Clerk of this Court to be true and correct copies of those records in his custody.

Defendants, while they accepted these records as public records, objected to the introduction of this evidence on the ground that it was hearsay; that the abstracted testimony contained therein could not be used to prove the truth of the existence of a public highway; that the pleadings in the abstract of record in *Sullivan* contain mere allegations, not facts; that the decree in *Sullivan* was admissible but neither the

---

1. All statutory references are to Utah Code Annotated, as amended, unless otherwise indicated. References to Utah Rules of Evidence are cited "U.R.E." and references to Utah Rules of Civil Procedure are cited "U.R.C.P."

   Section 27 12 89 provides:
   A highway shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of 10 years.
   and § 27 12 90 provides:
   All public highways once established shall continue to be highways until abandoned or vacated by order of the highway authorities having jurisdiction over any such highway, or by other competent authority.
   In 1972 defendants petitioned the Board of County Commissioners of Summit County to vacate any public road which might exist across John's original tract at the mouth of the canyon. Upon defendants' representation to them that defendants were the only users of the road, the Commission vacated that part of the roadway by ordinance. However, the District Court held that this ordinance was void, as no notice had been given to plaintiffs or the public in general. Defendants do not contest this ruling.

2. Plaintiffs submitted certificates of the various clerks and custodians of records that the transcript and other original records in this case were not among their records.

3. The abstract of record is a condensed version of the record made in the District Court which was, at one time, *required* by this Court to be prepared by counsel for appellant for the purposes of appeal. It was respondent's duty to correct the abstract if he believed appellant had prepared the abstract unfairly or inaccurately. An appellant *may*, presently, still be required to abstract the testimony where the transcript is voluminous. See Rule 75(e), U.R.C.P.

   The abstract, submitted in evidence here, was prepared by Sullivan's attorney, and contains all of the pleadings of the parties, summarized statements of the testimony given by each witness, and the findings, conclusions and decree of the District Court, as well as motions and other orders. The brief filed on behalf of John G. Condas, as respondent, does not point to any discrepancy in this abstract of record. The brief contains passages of the testimony of witnesses for John G. Condas on which he relied. This testimony which does not contradict the summarized version found in the abstract of the record is for the most part quoted in question and answer form in the brief, with references to the transcript page on which it was found. The testimony read into the record by plaintiffs' counsel in this present case was from John G. Condas' brief.

findings of fact nor conclusions of law entered by the Court in that case were admissible here.

The District Court reserved its ruling on this objection, and, subject to defendants' motion to strike, allowed plaintiffs to read into evidence the questions and answers of several witnesses, and the summary of the testimony of others, as that testimony is found in the brief filed on behalf of John G. Condas in *Sullivan*.

After the close of evidence, and after an additional hearing at which written memoranda and oral arguments on the admissibility of this evidence were submitted by both parties the District Court ruled against defendants on their objection and motion to strike, thereby permitting this evidence to stand, on the following grounds:

1. That the testimony of the deceased witnesses is admissible under Rule 63(3)(b)(i) and (ii), U.R.E., an exception to the hearsay rule.

2. That the allegations and assertions of fact in John G. Condas' answer and counterclaim in *Sullivan* that a public roadway had at that time existed all the way to the top of White Pine Canyon for sixty years, are admissible as admissions.

3. That the findings of fact and decree in *Sullivan* are admissible as a public record of proceedings in the District Court, of which that Court can take judicial notice.

The Court further ruled that as John G. Condas was successful in prior litigation on his claim that a public road existed up White Pine Canyon, his successors in interest are collaterally estopped to assert the opposite position to gain another benefit in this litigation.

Defendants attack the admission of this evidence on all grounds stated by the Court. In addition, they assert that without the evidence from *Sullivan*, there is no clear and convincing evidence of a public roadway across defendants' lands in White Pine Canyon.

Defendants attack the District Court's use of any part of the abstract of record and briefs filed in *Sullivan*. They contend, in essence, that these records cannot be substituted for the original record to prove the facts on which this Court in *Sullivan* made its judgment.

■ While it is true that the abstract and briefs are secondary evidence of the deceased witnesses' testimony and findings of the District Court, and the better evidence would be the original transcript and other records of the trial, this secondary evidence constitutes the only available record of the former trial. Such a record is admissible when it is proved that the better evidence has been destroyed or lost.[4] The fact that the testimony is abstracted, or summarized, does not render the evidence inadmissible,[5] and defendants admit that it is not necessary that the testimony be produced verbatim. The abstract of the record, including the summary of the testimony of witnesses,[6] was the very record upon which this Court traditionally depended, in reviewing cases, as noted *ante*.

■ Defendants' basic objection to this summary (though in fact most of the summary is, significantly, in question and answer form as noted in footnote 3 *ante*) is that it is objectionable hearsay, not that it is violative of the best evidence rule. But we believe that Rule 63(3)(b)(i), U.R.E., *post*, controls here and answers defendants' claim of error. Subject as the summary was to objection and correction by respondent's counsel, it must be accorded high respect for accuracy and veracity, thus meeting the *general* objection to hearsay evidence.[7] It must also be remembered that the abstract was prepared by Sullivan's attorney, who urged, as do defendants here, that no public road existed in White Pine Canyon. There is nothing in the John

---

4. See Wigmore, Evidence, (Chadbourn revision), § 2107(c) and § 1264, et seq.

5. Id., § 2107.

6. An abstract of the testimony may still be required by this Court. See note 3, supra.

7. McCormick, Evidence 2d Ed., § 245 (1976).

G. Condas brief which would cause us to suspect that the testimony was not reported accurately or reliably by Sullivan in the abstract.

The testimony of the deceased witnesses in *Sullivan* was admitted, as noted *ante*, under Rule 63(3)(b)(i) and (ii), U.R.E., which provides:

> Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

> (3) Depositions and Prior Testimony. Subject to the same limitations and objections as though the declarant were testifying in person... (b) if the judge finds that the declarant is unavailable as a witness at the hearing, testimony given as a witness in another action or in a deposition taken in compliance with law in another action, when (i) the testimony is offered against a party who offered it in his own behalf on the former occasion, or against the successor in interest of such party, or (ii) the issue is such that the adverse party on the former occasion had the right and opportunity for cross–examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered; ....

Defendants first challenge the admission of this evidence on the ground that there was no proof offered that these witnesses were unavailable at the trial. But plaintiffs' counsel represented to the District Court that these witnesses were deceased at the time of this trial, and as defendants made no objection to this representation, and the Court accepted it, they have not preserved this point on appeal.[8]

Next, defendants contend that the testimony cannot be admitted under this exception to the hearsay rule unless the issues and also the parties of the previous trial are substantially similar to those at the later trial. Rule 63(3)(b), U.R.E., *ante*, incorporates our adopted standards of the "substantially similar issues and parties" rule, but is in the disjunctive and not conjunctive as defendants urge.

Though *both* similarity of parties and issues is not required, the issue in *Sullivan*, and here, is the same: whether a public roadway existed in White Pine Canyon while the canyon land was in the public domain. The fact that this suit concerns property contiguous to that at issue in *Sullivan* does not render this testimony inadmissible; the testimony itself related to the entire canyon.

Under subpart (i) of Rule 63(3)(b), U.R.E., it is not necessary that the party offering the evidence (plaintiffs here) be involved in the previous suit, as the parties *against* whom the evidence was offered (defendants here) are substantially the same.[9]

The testimony of the deceased witnesses was offered by John G. Condas in his behalf in *Sullivan*, and is, under Rule 63(3)(b)(i), U.R.E., also admissible against defendants here, the successors in interest of John G. Condas. The requirements of Rule 63(3)(b)(i) as well as (ii) are met in every respect and the District Court was not in error in admitting the evidence.

Defendants also contend that the District Court's admission of the answer and counterclaim of John G. Condas in *Sullivan* was error. They argue that this evidence is not admissible under any exception to the hearsay rule. Though defendants have discussed this point in detail under several exceptions to the hearsay rule, we do not do so, as it is admissible as a judicial admission. See McCormick, Evidence 2d Ed., § 265 (1976).

This evidence was offered and admitted by the District Court for the purpose of proving the position taken by John G. Con-

---

**8.** Had defendants objected to this representation, plaintiffs would have had an opportunity to produce evidence that these witnesses were unavailable. Defects curable at trial cannot be relied upon by a party if the trial court has had no opportunity to rule thereon. See *Dugger v. Cox*, Utah, 564 P.2d 303 (1977).

**9.** See McCormick, Evidence 2d Ed., § 256, p. 618 (1976).

**496**

das in the previous trial. He stated in his verified answer and counterclaim that a public roadway had existed in White Pine Canyon for sixty years, running through and beyond his lands and through the lands of others in the canyon. It is well settled that a party who has taken a position in prior litigation and has obtained relief on the basis of it cannot maintain the opposite position in another action.[10] We hold that this doctrine is applicable to defendants here, as successors in interest of the real property involved in both cases.[11]

■ But defendants further urge that the District Court did not give them a chance to rebut the evidence in *Sullivan*, since that Court reserved its ruling on defendants' objection until after the evidence was closed. At the trial, the Court warned defendants that they should make a proffer of any evidence which they believed rebutted the evidence offered from *Sullivan*. Defendants' counsel, however, chose not to make such a proffer until the Court made its ruling and the Court then granted counsel the right to present further evidence in rebuttal at such time. Defendants now argue that the District Court denied their motion to strike this evidence and simultaneously decided the case on its merits without first giving defendants a chance to make their proffer or present evidence. Defendants therefore conclude in argument that it would obviously have been futile to proffer any rebuttal or present evidence after the Court had already ruled against them.

Yet after the Court ruled, defendants did not consider it futile to continue to argue that the evidence in *Sullivan* was inadmissible. They first submitted detailed objections to the proposed findings of fact based, generally, on the ground that this evidence was inadmissible. These objections were argued orally at a hearing set for that purpose, and the District Court modified one of the proposed findings. Thereafter,

defendants again submitted written objections to the proposed findings, together with four additional findings proposed by them. These four findings were adopted by the Court as its findings of fact nos. 9, 10, 11, and 12, and the findings and decree were then entered. Thereafter, defendants brought an additional motion to modify the findings of fact, conclusions of law and decree, and a motion for a new trial, all based on the ground that the evidence in *Sullivan* was inadmissible. These motions were denied. At no time during this lengthy process, which consumed five months, did defendants proffer any rebuttal evidence, or even argue that they should be allowed to do so. Nor did they at any time object to the Court's finding no. 8, that defendants offered no evidence in rebuttal to the *Sullivan* evidence. We are therefore not persuaded that defendants' failure to proffer or present any rebuttal evidence was due to the lack of opportunity to do so, and decline to remand this case for the purpose of taking further evidence on this issue.

■ Defendants also argue that the Court erred in taking judicial notice of the pleadings in *Sullivan*, and also in applying the doctrine of collateral estoppel. We need not discuss these issues, however, as our determinations that the *Sullivan* evidence is admissible is dispositive. Likewise, defendants' argument that the evidence is insufficient to sustain the decree is without merit. It is clear from the *Sullivan* evidence that John G. Condas took the position that the public road in White Pine Canyon ran not only across his own lands but the lands of others in the canyon, to the summit. The existence of the public road in the canyon is supported by evidence other than the *Sullivan* evidence in this case, as the District Court specifically found. The evidence does not clearly preponderate against

---

**10.** *Roy S. Ludlow Investment Co. v. Salt Lake County*, Utah, 551 P.2d 1259 (1976); *Mecham v. City of Glendale*, 15 Ariz.App. 402, 489 P.2d 65 (1971).

**11.** That this is the law generally, see McCormick, Evidence 2d Ed., § 268 (1976); 4 Wigmore, Evidence, § 1082 (Chadbourn revision); 29 Am.Jur.2d, Evidence, § 700.

the District Court's findings,[12] but indeed favors those findings.

Finally defendants contend that the District Court's findings of fact are inconsistent with each other and must be set aside. Specifically, defendants assert that findings nos. 9 and 10 are inconsistent with other findings made by the Court. These two findings are two of those urged by defendants themselves and adopted by the Court upon defendants' second motion to amend the findings, noted *ante*. Findings nos. 9 and 10 concern the issue of prescriptive easement rather than the issue of the public roadway, and we perceive no tension between these and other findings made by the Court.

The decree of the District Court is affirmed; costs to plaintiffs.

CROCKETT, C. J., and MAUGHAN and HALL, JJ., concur.

STEWART, J., concurs in the result.

---

**12.** That this is the rule of review in equity cases, see *Provo City v. Lambert*, Utah, 574 P.2d 727 (1978); *Maytime Manor, Inc. v. Stokermatic, Inc.*, Utah, 597 P.2d 866 (1979).