WHITE PINE RANCHES, Plaintiff
and Respondent,

v.

D.A. OSGUTHORPE, Defendant
and Appellant.

No. 19507.

Supreme Court of Utah.

Dec. 31, 1986.

Max A. Farbman, Samuel O. Gaufin, Salt Lake City, for defendant and appellant.

Robert Folton, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Defendant seeks reversal of a partial summary judgment entered against him in the Third District Court. We reverse.

Plaintiff White Pine Ranches is in the process of developing approximately sixty acres of property located one and one-half miles up White Pine Canyon. The sixty acres are accessible by way of White Pine Canyon Road, which intersects Highway U–224 about one and one-half miles past the entrance to Park West ski resort. In conjunction with the development of the property, plaintiff promised Summit County that it would widen White Pine Canyon Road to twenty-four feet. Defendant, who owns land next to the road, objected to plaintiff's characterization of White Pine Canyon Road as a public highway.

Plaintiff filed a declaratory judgment action seeking a legal description of the roadway and a judicial declaration that it is a public highway where it abuts defendant's property. Plaintiff moved for partial summary judgment, basing its motion on two earlier cases in which this Court determined that White Pine Canyon Road is a public highway, *Sullivan v. Condas*, 76 Utah 585, 290 P. 954 (1930), *Condas v. Condas*, 618 P.2d 491 (Utah 1980), and on an abstract of the record in the *Sullivan* case. The trial court granted plaintiff partial summary judgment, declaring White Pine Canyon Road a public highway, three rods wide,[1] but leaving its legal description for later determination.

Defendant claims error in the trial court's reliance on our previous decisions determining that White Pine Canyon Road is a public highway. Defendant argues that principles of collateral estoppel preclude application of those decisions to him. We agree.

A prior decision may be used against a party to preclude further litigation of an issue by him when four questions are answered in the affirmative:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
2. Was there a final judgment on the merits?
3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
... [4.] Was the issue in the first case competently, fully, and fairly litigated?

*Schaer v. Utah Department of Transportation*, 657 P.2d 1337, 1340–41 (Utah 1983) (citing *Searle Brothers v. Searle*, 588 P.2d 689, 691 (Utah 1978)).

The third requirement, that the party against whom the plea is asserted was a party or in privity with a party in the prior action, is not met here. Defendant

was not a party in either *Sullivan* or *Condas*, nor did he buy his land from a party in either of those actions. While it is true that the party asserting the collateral estoppel need not have been a party to the first action, the party against whom the estoppel is asserted must have been a party or in privity with a party. *See Robertson v. Campbell*, 674 P.2d 1226, 1230 (Utah 1983). Plaintiff, without support from the record, asserts that defendant took title to his land through a witness in *Sullivan*. Even if that were true, privity cannot be established merely through a witness in a prior proceeding in which the witness was not a party or did not control a party. *See Baxter v. Department of Transportation*, 705 P.2d 1167, 1168 (Utah 1985).

Defendant also argues that it was improper for the trial court judge to consider an abstract of the record in *Sullivan*, which was attached to plaintiff's motion for summary judgment. Defendant claims the document was unauthenticated and was hearsay. We agree that the abstract should not have been considered.

Utah Rule of Civil Procedure 56(c) specifically lists the materials that can be placed before the court in a summary judgment action.

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(e) prescribes the form of the affidavits.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

---

1. We are somewhat puzzled by plaintiff's and the trial court's reliance on previous decisions holding White Pine Canyon to be three rods wide. A rod is 16.5 feet. Black's Law Dictionary 1194 (5th ed. 1979). Thus, according to plaintiff, White Pine Canyon Road is already 49.5 feet wide, yet it seeks a declaratory judgment to allow it to expand the road to twenty-four feet.

therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The abstract of the record in the *Sullivan* case is not an affidavit, nor does it support an affidavit.[2]

██ Furthermore, the abstract is inadmissible hearsay. In *Condas v. Condas*, we allowed admission of the abstract in *Sullivan;* however, the circumstances under which the abstract was offered in that case are significantly different from those in the present controversy. In *Condas*, the plaintiffs, whose land was completely surrounded by the defendants' land, brought an action to compel the defendants to remove two gates erected by the defendants on White Pine Canyon Road in a manner that barred the plaintiffs' access to their own property. The defendants claimed that the gates were on their land, while the plaintiffs argued that they had an easement to use the road across the defendants' land, or alternatively that the road was a public highway. The plaintiffs presented an abstract of the record in the *Sullivan* case, an action in which John Condas, the defendants' father (from whom they took title to their land), had defeated a trespass action brought against him by Sullivan by arguing that White Pine Canyon Road was a public road where it crossed Sullivan's property. In *Sullivan*, John Condas presented some evidence indicating that White Pine Canyon Road was public all the way to the top of White Pine Canyon. *Condas v. Condas*, 618 P.2d at 492–93. In *Condas*, we found that the *Sullivan* abstract was admissible against the defendants in that case. We relied upon previous Utah Rule of Evidence 63(3)(b)(i) and (ii), which provided for admission of prior testimony:

> Subject to the same limitations and objections as though the declarant were testifying in person ... (b) if the judge finds that the declarant is unavailable as a witness at the hearing,[3] testimony given as a witness in another action ... when (i) the testimony is offered against a party who offered it in his own behalf on the former occasion, or against the successor in interest of such party, or (ii) the issue is such that the adverse party on the former occasion had the right and opportunity for cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered.

Utah R.Evid. 63(3)(b), U.C.A., 1953 (1977 Repl.Vol.). We held that the abstract was admissible against the defendants because the defendants' successor in interest had offered the testimony contained in the abstract. *Condas v. Condas*, 618 P.2d at 495.

Rule 63(b) has been replaced by Utah Rule of Evidence 804(b), which allows receipt of former testimony when the declarant is unavailable. The new rule provides:

> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Utah R.Evid. 804(b)(1).

In order to fall within this exception, plaintiff must demonstrate that defendant was a party to the *Sullivan* case, or that defendant's predecessor in interest had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Plaintiff has presented no evidence and made no allegation that defendant was a party to the *Sullivan* case.

---

**2.** The abstract was prepared by appellants' counsel in *Sullivan* in compliance with the then existing Rules of Appellate Procedure. Apparently the original record in the *Sullivan* case has been lost or destroyed. *See Condas v. Condas*, 618 P.2d at 493 n. 3.

**3.** Plaintiff in this action proffered no affidavits demonstrating the unavailability of the witnesses. However, the witnesses in *Sullivan* were deceased by the time the *Condas* case was litigated. *Condas v. Condas*, 618 P.2d at 493.

Plaintiff merely asserts that defendant took his land from Tracy Wright, a witness in the *Sullivan* case. We must therefore consider whether a "predecessor in interest" of defendant's had an opportunity and similar motive to develop the testimony presented in the abstract.

The phrase "predecessor in interest" is a term of art. Rule 804 of the Federal Rules of Evidence as originally drafted by the Supreme Court allowed former testimony to be used if the party against whom the testimony was offered or a person "with motive and interest" similar to his had an opportunity to examine the witness. Weinstein, *Evidence* ¶ 804[01] (1985). The House of Representative Judiciary Committee, however, rejected that standard as unfair and redrafted the rule to require a party's "predecessor in interest" to have been present and to have had a similar motive to develop the testimony. *Id.* The Senate adopted the version of the rule promulgated by the House, as did Utah when it adopted the Federal Rules of Evidence. While we agree that the "predecessor in interest" requirement is broader than the common law privity requirement, which required a common property interest between the parties, *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1185–87 (3d Cir.), *cert. denied*, 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978), we do not find the similarity of parties here close enough to permit use of the testimony against defendant under the rule. In the *Sullivan* case, the central issue was whether John Condas trespassed upon Sullivan's land. While Condas presented evidence concerning all of the road, the case and Sullivan's main concern in cross-examination focused upon the nature of the road where it abutted Sullivan's land. We find the relationship between Sullivan, who in 1927 tried to prove a trespass by demonstrating that White Pine Canyon was not public where it abutted his land, and defendant in the present action to be too attenuated to consider Sullivan a predecessor in interest of defendant.

Based on the foregoing, we find that it was error for the trial judge to have collat-erally estopped defendant by the outcome of the *Sullivan* and *Condas* cases and to have admitted the abstract of the record from the *Sullivan* case.

Reversed and remanded for trial.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., dissents.