## VOYLES et al. v. STRAKA

No. 4906.   Decided November 12, 1930.   (292 P. 913.)

172

*J. D. Skeen,* of Salt Lake City, for appellants.

*J. M. Carlson,* of Salt Lake City, for respondent.

CHERRY, C. J.

This is an action at law to recover $160, claimed to be due for rent up to June 15, 1923, for premises leased by the plaintiffs to defendant. The action was commenced on June 27, 1923. Thereafter, and on July 12, 1923, the plaintiffs commenced an independent action under the statute, for an unlawful detainer, to recover possession of the leased premises, alleging default after proper notice in the payment of the rent sued upon in the former action, as the basis for the unlawful detainer, and praying judgment for the restitution of the premises and damages, but not for rent. The action for recovery of possession was tried first, and, upon findings that the defendant had defaulted in the payment of $160 due as rent on June 15, 1923, after notice, etc., judgment was entered for the plaintiffs for the restitution of the premises and $1 as nominal damages, which was trebled.

Thereafter the defendant by an amended answer pleaded the judgment in the unlawful detainer action as a bar to the action for the rent, which action, as before seen, had been

previously commenced. After finding the facts as pleaded, the trial court sustained the defendant's plea and dismissed the action upon the grounds that the plaintiffs, by virtue of the action and judgment in the unlawful detainer proceedings, had waived and relinquished their right to recover the rent. Plaintiffs appeal. The only question is whether the judgment pleaded and proved barred the action for rent and warranted its dismissal.

We attach no importance to the fact that the action for rent was commenced first. It is the first judgment, so far as time is concerned, that constitutes an effective defense, without regard to the order in which the actions were commenced. 34 C. J. 758. Whether the former judgment constitutes a bar to the maintenance of the other action depends upon the identity of the causes of action sued upon in the two suits.

"A former judgment between the same parties is a bar to the maintenance of the second suit when the causes of action in the two suits are identical. If the subsequent suit is upon a different cause of action, but is between the parties or privies to the former action, the former judgment is not, as such, a bar to the maintenance of the second action, but it will be conclusive and final as to any matter actually in issue and determined in the former action, either on be half of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove essential elements of plaintiff's case, or to establish matters relied on in defense." 34 C. J. 874.

As before seen, rent was not claimed or adjudged in the possessory action. The former judgment cannot therefore operate as a bar to the action for rent upon the ground that the same matter was formerly adjudicated. If the former judgment is a bar at all, it must be upon the ground that the right to possession and the claim for rent together constituted one single entire cause of action which could not be split in parts, and that a judgment for one was a waiver of the other. The decisive question therefore is whether the subjects of the two actions were but one entire and indivisible cause of action. Unless the state statute, to be presently noticed, makes to the contrary, the

right to recover possession by summary remedy, and the claim for rent, are not one indivisible cause of action, and a judgment for possession is not a bar to a subsequent action for rent. 2 Tiffany, Landlord and Tenant, § 286, p. 1809. The same is true in ejectment with respect to possession and damages. 2 Taylor, Landlord and Tenant, § 653, p. 253. But the defendant relies mainly upon certain provisions of the statute, Comp. Laws Utah 1917, title 117, chapter 64 (sections 7313-7327), concerning forcible entry and detainer, which, he contends, unites into one indivisible cause of action the claim for possession and the claim for rent. Section 7320 provides that the complaint, in the case of unlawful detainer after default in the payment of rent, must state the amount of the rent, and section 7324, in dealing with the judgment, provides that the court "shall * * * assess the damages occasioned to the plaintiff * * * by any * * * unlawful detainer, and any amount found due the plaintiff by reason of waste of the premises by the defendant during the tenancy, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent; and the judgment shall be rendered against the defendant guilty of the * * * unlawful detainer, for the rent and for three times the amount of the damages thus assessed." It is further provided in the same section that, when the proceeding is for an unlawful detainer after default in the payment of the rent, * * * execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant, * * * may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied, and the tenant be restored to his estate."

The chapter of the statutes, of which the quoted provisions are a part, provides a summary remedy for the recovery of real property in case of the forcible entry or the forcible or unlawful detainer thereof. That is the purpose of the chapter. No intention to deal with the subject of remedies

for rent is found in the statute, and none is appropriate or necessary to its purpose. Indeed, the statute does not authorize the recovery of rent in the summary proceedings except in the case when the unlawful detainer is after default in the payment of the rent, although rent would often be due and unpaid when the unlawful detainer was after other prescribed notices to quit. The provisions of the statute relating to the necessity of pleading and proving rent, are for the purpose of establishing the essentials of that particular unlawful detainer which occurs by reason of holding over after default in the payment of rent after notice, etc. The question of rent is drawn into the statute in this case, not for the purpose of providing a remedy for its recovery, but to complete a case of unlawful detainer, which is the gist of the action. The references to rent in the statute are merely incidental to the main purpose of the statute, and cannot be construed, as we think, as merging into one single and entire cause of action the right to restitution and to rent. If a judgment for possession alone is a waiver of rent, it must follow that a judgment for rent alone is a bar to the recovery of possession for its nonpayment. This could hardly be maintained.

The language of the statute that "judgment shall be rendered * * * for the rent," etc., is applicable only when rent is claimed, for it would be improper in any case to award a judgment for what is not demanded. See *Hicks* v. *Herring,* 17 Cal. 566.

With respect to the failure to claim rent in the possessory action and have it included in the judgment, so the defendant could avail himself of the statutory right to pay the judgment and be restored to his estate, it is enough to say that such matter relates to the validity of the former judgment, and is not relevant here. We examine the former judgment, not to determine its validity as a judgment for possession, but to ascertain if it constitutes a bar to the action under review. It did not adjudicate the question of rent, and we do not think the right of the plaintiff to re-

cover possession, and his right to recover rent, were by the statute or otherwise united into one single and inseparable demand, so that a judgment for one alone was a waiver of the other.

It follows that the trial court erred in dismissing the action. The judgment is reversed and a new trial granted; costs to appellants.

ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

STRAUP, J.

I concur. I too think the two causes of action were different, and hence the first judgment in the cause in which it was rendered was a bar or an estoppel only as to what was actually litigated and determined, and not what might have been litigated and determined therein. *Cooke* v. *Cooke*, 67 Utah 371, 421, 248 P. 83, 102; *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195.