N. Allen WATERS, Administrator of the Estate of Marion Donald Atkins, deceased, Plaintiff-Appellant,

v.

The WESTERN COMPANY OF NORTH AMERICA, Defendant and Third-Party Plaintiff-Appellee,

v.

J. E. MAULDIN and J. R. Phillips & Son, Inc., Third-Party Defendants-Appellee,

Great American Insurance Company, Plaintiff in Intervention-Appellee.

No. 118–70.

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1971.

Vance Mauney of Botts, Botts & Mauney, Albuquerque, N. M., and John F. Loehr, Farmington, N. M., for N. Allen Waters.

James L. Brown, Farmington, N. M. (John R. Phillips, Jr., Farmington, N. M., was with him on the brief), for J. E. Mauldin.

Mary C. Walters, Albuquerque, N. M., for J. R. Phillips & Son, Inc. and Great American Ins. Co.

Before LEWIS, Chief Judge, and JOHNSEN * and HOLLOWAY, Circuit Judges.

LEWIS, Chief Judge.

This case reaches us by way of appeal authorized under 28 U.S.C. § 1292(b) after certification by the trial court that an interlocutory order of that court involved a controlling question of law proper for immediate appellate consideration. The subject order was one allowing the filing of a counterclaim by a third party defendant against the plaintiff in litigation involving an automobile accident. In his petition to this court for permission to appeal an interlocutory order, plaintiff-appellant, through counsel whom this court assumed were his sole counsel of record, asserted the legal impropriety of such counterclaim as one reflecting a glaring conflict of interest on the part of counsel for the third party. Basis for this claim was the undisputed fact that counsel for the third party had represented plaintiff for some eight months in the litigation before withdrawing and reappearing as counsel for the counter-claimant. No response to the petition having been filed under Rule 5(b), Fed.R.App.P., we granted the petition. Although subsequent filings in and representations made to this court by brief and argument indicate that our grant of the appeal was improvidently made we consider the total situation to be unfortunate and one requiring some brief comment.

Basically the control of attorneys in trial litigation is within the supervisory powers of the trial judge and the exercise of his discretion in such matters will not be disturbed on appeal except in the most extreme of cases. When, as here, a change of professional employment during the course of litigation gives the appearance of professional impropriety contrary to Canon 9 of the A.B.A. Code of Professional Responsibility through an apparent conflict of interest the trial judge need not probe the question of actual injury to the former client. Cord v. Smith, 9 Cir., 338 F.2d 516. Improper surface appearances are capable of damaging the judicial function and image as well as carrying a potential for actual injury to a party. However the discretion of the trial judge in such matters is very broad for appearances may be misleading and the overall proper administration of justice may well allow the trial judge to ignore appearance in favor of fact. What might appear as a conflict of interest on the surface can, in fact, be no conflict at all or so insignificant as to be overcome by other circumstances. Perhaps that is this case but if so it was presented to and decided by the trial court in the same manner that it has been presented to this court—by way of factual representation made in argument. The record contains no findings or conclusions pertaining to the existence or non-existence of a conflict of interest on the part of counsel for the third party defendant. We literally have nothing before us capable of proper review.

Still another reason requires us to dismiss the appeal as improvidently granted. Counsel for plaintiff-appellant who filed the petition seeking review under section 1292(b) were not at such time sole counsel of record for plaintiff. Subsequent to our order allowing the appeal, plaintiff, this time acting through his private attorney in contrast to counsel representing him through his insurance carrier, filed in this court a motion to dismiss the appeal. This record triggers Canon 5, A.B.A. Code of Prof.Resp. EC 5–12 which provides:

> Inability of co-counsel to agree on a matter vital to the representation of their client requires that their disagreement be submitted by them jointly to their client for his resolution, and the decision of the client shall control the action to be taken.

The interlocutory appeal is dismissed as improvidently granted. No costs are awarded.

---

* Of the Eighth Circuit, sitting by designation.