Harold G. SCHAER, Plaintiff
and Respondent,

v.

The STATE of Utah, By and Through the UTAH DEPARTMENT OF TRANSPORTATION, Salt Lake County, Salt Lake City Corporation, Utah Power & Light Company and Lincoln T. Hanson, Defendants and Appellants.

Harold G. SCHAER, Plaintiff
and Respondent,

v.

The STATE of Utah, By and Through the UTAH DEPARTMENT OF TRANSPORTATION, Salt Lake County, Salt Lake City Corporation, Utah Power & Light Company and Lincoln T. Hanson, Defendants and Appellants.

Nos. 18009, 18081.

Supreme Court of Utah.

Jan. 10, 1983.

David L. Wilkinson, Stephen J. Sorenson, Ted L. Cannon, Kevan F. Smith, Roger F. Cutler, Judy Lever and Rosemary Richardson, Salt Lake City, for defendants and appellants.

Calvin L. Rampton and Lawrence J. Jensen, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This case arose because the plaintiff Harold G. Schaer and Salt Lake City Corporation (hereinafter "Salt Lake City") failed to reach an agreement regarding the purchase of the plaintiff's property for expansion of a proposed park. The dispute focuses on whether the doctrines of res judicata and collateral estoppel preclude the plaintiff from maintaining his present cause of action. The plaintiff instituted the present suit claiming that a certain graded road, commonly referred to as the "dugway road," is a public thoroughfare under U.C.A., 1953, § 27–12–89, which would provide access to the plaintiff's property. The trial court granted the plaintiff's Motion for Summary Judgment, holding that the dugway road is a public thoroughfare under

§ 27–12–89 and denied the State of Utah's (hereinafter "State") Motion for Summary Judgment based on the doctrines of res judicata and collateral estoppel. Subsequently, the plaintiff and Salt Lake City filed opposing Motions for Summary Judgment claiming, respectively, that the width of the dugway road is fifty and twenty-five and one-half feet. The trial court granted the plaintiff's motion and denied Salt Lake City's motion. Both the State and Salt Lake City appealed from those rulings, which appeals were consolidated for the convenience of the parties.[1] We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

Prior to 1967, the plaintiff owned approximately 22.8 acres of property located near the mouth of Parley's Canyon in Salt Lake County. At that time, there were several routes of ingress and egress to the plaintiff's land. In July of 1967, trial was held in the Third District Court in which the State condemned 4.6 of the approximate 22.8 acres of the plaintiff's property for construction of a highway system. The condemnation deprived the plaintiff of access to his remaining property from the north and the west, leaving only a possibility of access via the dugway road. Thus, in the 1967 litigation, the plaintiff contended that he was entitled to severance damages because his remaining property was effectively landlocked as a result of the condemnation. After trial, the Third District Court entered the following findings regarding the plaintiff's remaining property:

(a) There is no reasonable access to said remainder property which would permit the same to be economically and feasibly developed in the reasonably foreseeable future.

(b) That a sewage disposal system cannot be economically and feasibly designed.

---

1. The defendant Lincoln T. Hanson filed a disclaimer of any right, title or interest in the property or easement which is the subject of this litigation. The defendants Salt Lake County and Utah Power & Light Company have monitored the case but have taken no active part.

(c) That it has lost its advantages of annexation to Salt Lake City, potential development as part of the subdivision proximate to the Salt Lake Country Club and further, has lost its dedicated and reserved access way to the north and west.

(d) That it can no longer be reasonably and feasibly developed for residential use presently or in the foreseeable future.

(e) That the highest and best use of the remainder property is either speculative or as a public park.

Based on its Findings of Fact, the Third District Court granted the plaintiff $30,000 as just compensation for the condemnation of the 4.6 acres and $76,755 as severance damage to the plaintiff's remaining property.

In 1979, the State was involved in an inverse condemnation action brought by Harvey Hanson, an owner of property adjacent to the plaintiff's remaining property. In that action, the State claimed that the dugway road was a public thoroughfare. The State's assertion was based on an alleged public use of the dugway road sufficient to constitute a dedication to the public under U.C.A., 1953, § 27–12–89. However, that case was settled by the parties prior to a determination by the court of the State's assertion that the dugway road was a public thoroughfare.

The present suit was instituted after the plaintiff and Salt Lake City failed to reach an agreement regarding the purchase of the plaintiff's remaining property for the expansion of a proposed park. The disagreement between the parties focused on whether the plaintiff's property had access suitable for residential development by means of the dugway road. Thus, the plaintiff filed suit requesting a ruling by the trial court that the dugway road was a highway dedicated to the public use pursuant to U.C.A., 1953, § 27–12–89. The plaintiff then filed a Motion for Summary Judgment based on its assertion that the dugway road was a public thoroughfare under § 27–12–89. The State filed an opposing Motion for Summary Judgment which did not controvert the plaintiff's evidence on the issue of a public thoroughfare, but rather argued that the plaintiff's position in the 1967 litigation precluded him from maintaining his present cause of action by operation of the doctrines of res judicata and collateral estoppel. Salt Lake City orally joined in the State's motion at the time it was argued. The trial court denied the State's motion and partially granted the plaintiff's motion, thereby declaring the dugway road to be a public thoroughfare, but reserving for trial the issue regarding its width. The plaintiff subsequently filed another Motion for Summary Judgment claiming that the established width of the dugway road was fifty feet. Salt Lake City countered by filing a Motion for Summary Judgment claiming that the width of the dugway road did not exceed twenty-five and one-half feet. The trial court denied Salt Lake City's motion and granted the plaintiff's motion, establishing the width of the dugway road at fifty feet. Both the State and Salt Lake City appeal the denial of their Motions for Summary Judgment and the resulting granting of the plaintiff's motions.

On appeal, the State and Salt Lake City advance several points of error. They contend that the trial court erred in denying the State's Motion for Summary Judgment because of the applicability of the doctrines of res judicata and collateral estoppel. In addition, Salt Lake City argues that the trial court erred in granting the plaintiff's Motion for Summary Judgment that the dugway road is a public thoroughfare because (1) the finding of a public thoroughfare was based on controverted evidence which is improper for summary judgment and (2) the evidence fails to meet the elements of proof necessary under U.C.A., 1953, § 27–12–89. Salt Lake City also argues that the trial court erred in granting the plaintiff's Motion for Summary Judgment on the width of the dugway road because its ruling was not supported by the evidence.

The appellants, the State and Salt Lake City, assert that the district court's previous finding in the 1967 litigation, that no reasonable access existed to the plaintiff's property, implies a finding that the dugway road is not a public thoroughfare. Thus, the appellants argue that, because of that implied finding, the plaintiff's present cause of action is barred by the doctrines of res judicata and collateral estoppel. On this basis, the appellants contend that the trial court erred in denying the State's Motion for Summary Judgment.

There are certain distinctions to be made in the application of the doctrines of res judicata and collateral estoppel. In order to determine which doctrine is to be properly applied, one must focus on whether the second claim, demand, or cause of action is different from that of the first:

> In order for res judicata to apply, both suits must involve the same parties or their privies and also the same cause of action; and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action . . . .
>
> Collateral estoppel, on the other hand, arises from a ifferent cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit.

Searle Bros. v. Searle, Utah, 588 P.2d 689, 690 (1978) (emphasis added) (citations omitted). See also East Mill Creek Water Co. v.

Salt Lake City, 108 Utah 315, 159 P.2d 863 (1945); Voyles v. Straka, 77 Utah 171, 292 P. 913 (1930). Accord Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1876). Thus, it is important to recognize that although the doctrines of res judicata and collateral estoppel are closely related, they are usually mutually exclusive. Where the claim, demand, or cause of action is the same in both cases, res judicata applies. But where the claim, demand, or cause of action is different in the two cases, then collateral estoppel is applicable.

■ Accordingly, we have determined that res judicata is not applicable to the present case because it is based on a different claim, demand, or cause of action than that of the 1967 litigation.[2] The two causes of action rest on a different state of facts and evidence of a different kind or character is necessary to sustain the two causes of action. Moreover, the evidence of the two causes of action relates to the status of the property in two completely different and separate time periods. Thus, the doctrine of res judicata does not apply to preclude the plaintiff from maintaining his present cause of action.

We next address the issue of whether collateral estoppel is applicable.[3] After having determined the threshold issue, namely, that the present case is based on a different claim, demand, or cause of action than that of the 1967 litigation, we apply four tests which determine the applicability of the doctrine of collateral estoppel:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

In reference to the general rule of "judicial estoppel" or "estoppel by oath," this Court has stated that "there is no estoppel where there was no reliance and the parties had equal knowledge of the facts." Tracy Loan & Trust Co. v. Openshaw Inv. Co., 102 Utah 509, 515, 132 P.2d 388, 390–91 (1942) (citations omitted). The position advanced by the State in the Hansen litigation in 1979, clearly demonstrates that the State did not in any way "rely" on the position advanced by the plaintiff in the 1967 litigation. Thus, the absence of any reliance renders the doctrine of judicial estoppel or estoppel by oath inapplicable to the present case.

**2.** Both the State and Salt Lake City rely on Krofcheck v. Downey State Bank, Utah, 580 P.2d 243 (1978), as governing the application of the doctrine of res judicata. However, before the rules enunciated in the Krofcheck case may be applied, the appellants must first overcome the threshold determination of whether the claims, demands, or causes of action of both cases are the same.

**3.** Even though the parties use the terms "judicial estoppel" and "collateral estoppel" as if they are interchangeable, their arguments appear to be referring to the doctrine of collateral estoppel. In any event, the doctrine of judicial estoppel is not applicable to the present case.

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

... [4] Was the issue in the first case competently, fully, and fairly litigated? *Searle Bros. v. Searle, supra,* at 691 (citations omitted).

The issues of the present case focus on whether the first and fourth tests are satisfied. "We [must, therefore,] determine whether the issues actually litigated in the first action *are precisely the same* as those raised in the present action." *Wilde v. Mid-Century Insurance Co.,* Utah, 635 P.2d 417, 419 (1981) (emphasis added). *See also In re Town of West Jordan,* 7 Utah 2d 391, 326 P.2d 105 (1958). The 1967 litigation was a condemnation action which focused on whether the plaintiff's remaining property was effectively landlocked. Despite vague and indirect references to the dugway road, the 1967 litigation never focused on the precise issue of whether the dugway road was a public thoroughfare under U.C.A., 1953, § 27–12–89.

The trial court's findings of fact, set forth earlier, do not purport to rule conclusively on the status of the dugway road "for all time." They simply express the trial court's finding that, in 1967, there was no "reasonable," "economical," or "feasible" access available for use or development, nor was there a likelihood of such in "the foreseeable future." One of the uses for the land noted by the trial court was "speculative," and there is nothing in its findings to preclude another court twelve years later, from finding that access is now reasonable, economical, and feasible by way of the dugway road. In any event, neither the findings nor the judgment entered in the 1967 case demonstrates that the court considered and ruled on the precise issue in this case, namely, whether the dugway road met the requirements of U.C.A., 1953, § 27–12–89.

■ This Court has previously stated that the doctrine of collateral estoppel "does not apply to issues that merely 'could have been tried' in the prior case, but *operates only to issues which were actually asserted and tried* in that case." *International Resources v. Dunfield,* Utah, 599 P.2d 515, 517 (1979) (emphasis added) (citations omitted). Thus, because the precise issue of whether the dugway road was a public thoroughfare was not actually raised and litigated in the 1967 litigation, the doctrine of collateral estoppel does not apply to preclude the plaintiff from maintaining his present cause of action. *See Wilde v. Mid-Century Insurance Co., supra; International Resources v. Dunfield, supra.*

■ Salt Lake City also claims that the trial court erred in granting the plaintiff's Motion for Summary Judgment on the question of whether the dugway road is a public thoroughfare because (1) the finding of a public thoroughfare was based on controverted evidence which is improper for summary judgment and (2) the evidence fails to meet the elements of proof necessary under U.C.A., 1953, § 27–12–89. Salt Lake City is correct in its contention that summary judgment is improper when the facts are controverted. *See* Utah R.Civ.P. 56(c). *See, e.g., Western Pacific Transport Co. v. Beehive State Agricultural Co-op,* Utah, 597 P.2d 854 (1979); *Frederick May & Co. v. Dunn,* 13 Utah 2d 40, 368 P.2d 266 (1962). However, neither the State nor Salt Lake City presented any evidence whatsoever to contest the facts as presented in the plaintiff's Motion for Summary Judgment. Rather, the State and Salt Lake City chose to rely exclusively on the State's Motion for Summary Judgment based on the doctrines of collateral estoppel and res judicata. Under similar circumstances, this Court has stated that:

> [W]here the moving party's evidentiary material is in itself sufficient and the opposing party fails to proffer any evidentiary matter when he is presumably in a position to do so, the courts should be justified in concluding that no genuine issue of fact is present, nor would one be present at trial.

Upon a motion for summary judgment, the courts ought to recognize, as a minimum, that the opposing party produce some evidentiary matter in contradiction of the movant's case or specify in an affidavit the reason why he cannot do so.

Where ... the materials presented by the moving party are sufficient to entitle him to a directed verdict [as a matter of law] and the opposing party fails either to offer counteraffidavits or other materials that raise a credible issue [of fact] or to show that he has evidence not then available, summary judgment may be rendered for the moving party.

*Dupler v. Yates*, 10 Utah 2d 251, 269–70, 351 P.2d 624, 637 (1960) (citations omitted). *See also Olwell v. Clark*, Utah, 658 P.2d 585 (1982). Thus, because the appellant Salt Lake City failed to proffer any evidence at the trial level in contradiction to the plaintiff's Motion for Summary Judgment, Salt Lake City will not be permitted to now raise the issue for the first time on appeal. *See, e.g., Shayne v. Stanley & Sons, Inc.*, Utah, 605 P. 2d 775 (1980). Because the trial court's ruling was supported by the uncontroverted facts, we affirm its granting of summary judgment on that issue.

Salt Lake City's final assertion of error focuses on Salt Lake City's and the plaintiff's opposing Motions for Summary Judgment regarding the width of the dugway road. Salt Lake City claims that the trial court erred in granting the plaintiff's motion because the evidence does not support the plaintiff's contention that the established width is fifty feet.

In granting the plaintiff's motion, the trial court apparently relied on the Revised Ordinances of Salt Lake City § 42–7–5 (1975), as establishing the width of the dugway road at fifty feet as a matter of law. This reliance was misplaced. That ordinance merely sets forth the minimum standards and requirements regarding the widths of streets in a proposed subdivision plan. It does not address the reasonable and necessary width of a highway dedicated to the public under U.C.A., 1953, § 27–12–89. However, even though that ordinance does not establish the width of the dugway road as a matter of law, it may be offered as evidence of what is considered reasonable and necessary under the circumstances.

■ Both Salt Lake City and the plaintiff cite the proper rule that: "[g]enerally, the width of a public road is determined according to what is reasonable and necessary under all the facts and circumstances." *Memmot v. Anderson*, Utah, 642 P.2d 750, 754 (1982) (citations omitted). However, both parties fail to agree as to what is reasonable and necessary. Salt Lake City offered evidence that the width did not exceed twenty-five and one-half feet. The plaintiff, on the other hand, offered evidence that the width was fifty feet. This Court has previously stated that: "[i]n controversies like this the width of the highway presents a question of fact ...." *Whitesides v. Green*, 13 Utah 341, 351, 44 P. 1032, 1033 (1896). *See also Leo M. Bertagnole, Inc. v. Pine Meadow Ranches*, Utah, 639 P.2d 211 (1981) (as illustrative of the factual nature of the width of dedicated highways). The parties offered conflicting evidence, which raises a genuine issue of material fact regarding the width of the dugway road and precludes summary judgment. *See* Utah R.Civ.P. 56(c). *See, e.g., Western Pacific Transport Co. v. Beehive State Agricultural Co-op, supra; Frederick May & Co. v. Dunn, supra.* Thus, the granting of summary judgment on this issue was error.

The judgment of the trial court is therefore affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.