**Caren SERR, Plaintiff and Appellant,**

v.

**RICK JENSEN CONSTRUCTION, INC., Defendant and Respondent.**

No. 19972.

Supreme Court of Utah.

Sept. 28, 1987.

James E. Hawkes and Eric P. Hartman, Salt Lake City, for plaintiff and appellant.

Gary Ferguson and Joseph Rust, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

Plaintiff filed a personal injury action against three defendants. Peter Kiewit &

Sons, one of the original defendants, filed a third-party claim against Rick Jensen Construction, Inc. (respondent). Plaintiff and the original defendants settled the case prior to trial; plaintiff then sued respondent directly. The trial court granted respondent's motion for judgment on the pleadings and dismissed plaintiff's suit. We reverse.

Plaintiff suffered injuries in a one-vehicle accident on October 4, 1979, near a construction zone on Interstate 80. Plaintiff's injury occurred when the highway pavement dropped 6 to 12 inches to another layer of pavement. There were no warnings of a sudden drop in the pavement. The jolt to plaintiff's vehicle resulted in a back injury to plaintiff.

In the original lawsuit, plaintiff named as defendants the Transportation Department of the State of Utah, Peter Kiewit & Sons, Inc., and Freightliner Corporation. Peter Kiewit & Sons filed a third-party complaint against respondent, alleging that Peter Kiewit & Sons, Inc., was entitled to contribution and indemnification from respondent.

Respondent participated in discovery, which established respondent's participation in the paving at the time of plaintiff's injury. Plaintiff had access to this information, but never amended her complaint to name respondent as a defendant. Plaintiff asserts that respondent did not participate in settlement negotiations and refused to stipulate to becoming a defendant in the original action. Respondent disputes this statement, alleging that respondent participated in the presettlement hearing on September 27, 1982.

On July 15, 1983, three days before trial, the original parties stipulated to dismissal. The trial court dismissed plaintiff's complaint "with prejudice and upon the merits." An additional stipulation between defendants and respondent resulted in an order dismissing without prejudice cross-claims, counterclaims, and the third-party complaint. Plaintiff then filed suit against respondent; the trial court granted respondent's motion for judgment on the pleadings, apparently on the basis that the set-tlement of the initial action barred the subsequent action.

In *Schaer v. Utah Department of Transportation,* 657 P.2d 1337 (Utah 1983), we discussed the elements essential to the application of claim preclusion or res judicata:

> In order for res judicata to apply, both suits must involve the same parties or their privies and also the same cause of action; and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action....

*Id.* at 1340 (quoting *Searle Brothers v. Searle,* 588 P.2d 689, 690 (Utah 1978) (citations omitted)). In this case, the subsequent suit involved a different party; therefore, the doctrine of res judicata cannot apply to this case.

■ Respondent argues that it was a party to the original suit. Presumably, respondent relies on his status as a third-party defendant to support this proposition. This does not, however, make him a party to the original suit. The purpose of the "identical parties" requirement is to prevent one party from suing the same party in successive suits for claims that were or should have been brought in a single action, thus ensuring a single adjudication of the rights and obligations of the parties.

■ In this case, no adjudication of the rights and obligations running between plaintiff and respondent has occurred. The settlements only disposed of the suits between plaintiff and the original three defendants and between defendant Peter Kiewit & Sons and respondent. Although res judicata restricts a party to a single adjudication of his rights and obligations with respect to another party, it cannot operate to bar a claim against a different party absent an adjudication of that claim, even if the subsequent action is related to the previous claim.

Respondent argues that res judicata should bar plaintiff's suit against respondent because plaintiff could have amended her complaint in the original action to join respondent as a defendant. Plaintiff's fail-

ure, however, cannot bar the action. *See Searle Brothers*, 588 P.2d at 692 (failure to exercise the right to intervene in a prior action does not bind a party to the judgment reached in that action). We do note, however, that joining respondent as a defendant in the original action would have saved the parties and the judicial system considerable time and money.

Because the subsequent suit involves different parties, we reverse the trial court's order dismissing plaintiff's suit.

STEWART, Associate C.J., and ZIMMERMAN, J., concur.

HOWE, Justice (dissenting):

I dissent. The respondent, Rick Jensen Construction, Inc., was before the court as a party (a third-party defendant) in the first action, and the plaintiff should have asserted against it all claims she may have had arising out of the accident. Rule 14 of the Utah Rules of Civil Procedure states:

(a) At any time after the commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.... *The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim* against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.

(Emphasis added.)

The complaint in the first case against the three defendants was filed on July 22, 1980. Just five weeks later, Peter Kiewit & Sons, one of the defendants, filed a third-party complaint against Rick Jensen Construction, Inc., alleging that it was entitled to contribution and indemnification from Rick Jensen Construction, Inc., for any amount which the plaintiff might recover against Peter Kiewit. Discovery was carried on for three years by all parties. The respondent served interrogatories on the plaintiff, and the plaintiff served requests for admission on the respondent. The discovery clearly brought out that the respondent had paved the highway where the plaintiff was injured. The respondent actively participated in numerous depositions. Finally, just a few days prior to trial, the plaintiff settled with and stipulated to dismiss her action against the three defendants. At no time during the three years of the litigation of the first action when the respondent was before the court and actively participating as a party in the action did the plaintiff ever assert any claim against the respondent as she could have done under Rule 14, quoted above.

We have long held that res judicata bars not only the relitigation of claims which have been once adjudicated, but also claims which should have been adjudicated in the initial proceedings but were not. *Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045 (Utah 1983), and cases cited therein. One of the greatest advancements made by the adoption of our Rules of Civil Procedure was that they allowed all parties who had any interest or involvement in a transaction or an occurrence to be brought before the court so that the claims of each party against the other might be put upon the table and resolved in one action. The majority opinion, however, allows the dispute to be tried piecemeal. After three years of litigation of the first action, the majority now allows a second suit to be filed by the plaintiff against the respondent, which in turn will require the respondent to now bring into the present action the original three defendants so that it can assert its claims against them for contribution. This works a hardship on the three defendants who settled with the plaintiff in the first action to avoid an expensive trial and to put an end to their involvement with the plaintiff. Now, they will be forced to expend further sums defending themselves in the second action.

The majority opinion's reliance on *Searle Brothers v. Searle*, 588 P.2d 689 (Utah 1978), is misplaced. In that case, we held that the failure to exercise the *right to intervene* in a prior action does not bind a

person to the judgment reached in that action. However, that is not the case in the instant case; here the respondent was a party, and claims were made against it which it actively defended.

The majority opinion correctly notes that "joining respondent as a defendant in the original action would have saved the parties and the judicial system considerable time and money." That, of course, is the very basis of the requirements of Rule 14 and the principle of res judicata. However, the plaintiff would not have needed to join the respondent as a defendant. The respondent was already a party, and the plaintiff only needed to have made a claim against it in the first action.

The exact question presented by this case was decided in *Morneau v. Stark Enterprises, Ltd.*, 56 Hawaii 420, 539 P.2d 472 (1975). There, the plaintiff sued the owner of the land on which certain apartments were constructed and also sued the apartments' homeowners' association, alleging that he was injured because of the negligent construction of a ramp providing egress from the apartments. The defendants in that action brought in the architects and developers of the project as third-party defendants. After a verdict was found by a jury in favor of the defendants, the plaintiff filed a new action against the architects and developers, alleging essentially the same claim. As in the instant case, the architects and developers had actively participated in defending against the plaintiff's claim in the first action. The court, in reliance on Rule 14 governing third-party practice, held that all defendants in the second action could assert in defense the doctrine of collateral estoppel against the plaintiff.

HALL, C.J., concurs in the dissenting opinion of Justice HOWE.