[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
The plaintiffs, Glenn, Rhonda and Jeffery Ostrager, filed this foreclosure action against Jin Sung Bok and Dong Soo Lee for their alleged default upon a note for $1,050,000 secured by a mortgage upon property located in Hebron. Dong Soo Lee filed an answer and six special defenses on September 6, 1989. Jin Sung Bok filed an amended answer, seven special defenses and an eight count counterclaim on October 26, 1989. Jin Sung Bok filed an eight count crossclaim against another codefendant, Robert Lesser, on October 17, 1989.
On June 9, 1989, Bok filed a Chapter 11 bankruptcy petition. On February 20, 1990, the Chapter 11 bankruptcy action was converted to a Chapter 7 action and John J. O'Neil, Jr. was appointed trustee by the bankruptcy court.
On November 1, 1990, O'Neil filed in this action a "Motion to be Substituted as Defendant, Request to Assert Counterclaim and Request to Assert Cross Claim," which was granted, Smith, J., on November 8, 1990 and again on January 17, 1991 (with clarification). O'Neil filed a one count "Amended Supplemental Counterclaim Against Glenn Ostrager, Rhonda Ostrager, and Jeffrey Ostrager and Cross Claim as to Robert Lesser" on June 18, 1991. The special defenses, counterclaim and crossclaim filed by Bok in October 1989 were never withdrawn, and it is unclear whether O'Neil has adopted those pleadings in addition to the counterclaim/crossclaim he filed as trustee on June 18, 1991, or whether the counterclaim/crossclaim was filed in lieu of those pleadings. A motion for summary judgment by the plaintiffs directed to portions of the pleadings filed by Bok has been withdrawn and the plaintiffs have filed a new motion for summary judgment directed to O'Neil's counterclaim.
The law firm of Boatman and Boscarino ("Boatman") has appeared on behalf of both Bok and O'Neil in this case. The plaintiffs have filed a motion to disqualify Boatman on the ground of conflict of interest. O'Neil has filed a memorandum in opposition to the plaintiffs' motion.
The plaintiffs argue that at the time that Boatman was hired by O'Neil, the firm was not "disinterested" pursuant to CT Page 9766 the definition in 11 U.S.C. § 101 (1990). The plaintiffs maintain that "[a]lthough at the moment Boatman wants both Bok and O'Neil to succeed in the special defenses and counterclaim,. . .there may become a time when the law firm's interests are not solely for the benefit of one client and free from compromising interests and loyalties." The plaintiffs further claim that Boatman has a claim against Bok's bankruptcy estate in the amount of $43,490 and is therefore a creditor of the estate. The plaintiffs finally argue that it is unclear that there has been full disclosure to Bok and that Bok has consented to such representation.
O'Neil argues that Bok is a nominal party only and that although the case caption bears his name, he has no other interest in it. O'Neil claims that the plaintiffs misunderstand the duty of a trustee; he does not "represent" the creditors of the estate, but rather has a general fiduciary duty to creditors. O'Neil also argues that because the question of whether Boatman is "disinterested" within the meaning of the Bankruptcy Code was resolved by Judge Kreshevsky in the bankruptcy case by allowing Boatman to represent O'Neil, the plaintiffs' discussion of whether Boatman is disinterested is irrelevant to the plaintiffs' motion in this case.
 The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. Heiberger v. Clark, 148 Conn. 177, 169 A.2d 652 (1961); State Bar Assn. v. Connecticut Bank Trust Co., 145 Conn. 222, 140 A.2d 863 (1958); General Statutes Sections 51-80, 51-84 and 51-90. The conduct of attorneys is also regulated by the Code of Professional Responsibility [now the Rules of Professional Conduct]. . ., which has been approved by the judges of the Superior Court. It is the duty of the Superior Court to enforce the canons of ethics. State v. Jackson, 162 Conn. 440, 449, 294 A.2d 517
(1972). In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest. See Schloetter v. Railoc of Indiana, Inc., 546 F.2d 706, 710 (7th Cir. 1976); Hull v. Celanese Corporation, 513 F.2d 568, 571 (2d Cir. 1975); Waters v. Western Company of North America, 436 F.2d 1072, 1073 (10th Cir. 1971); Richardson v. Hamilton International Corporation, 469 F.2d 1382, 1385-86 (3rd Cir. 1972), cert. denied, 411 U.S. 986, CT Page 9767 93 Ct. 2271, 36 L.Ed.2d 964 (1973).
State v. Jones, 180 Conn. 443, 448, 429 A.2d 936 (1980), appeal after remand, 193 Conn. 70, 475 A.2d 1087 (1984).
Rule 7.1(b) of the Rules of Professional Conduct provides as follows:
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
The comment following Rule 7.1 states, in part:
 Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client. Paragraph (b) addresses such situations. A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved.
Because there is insufficient evidence before this Court concerning the alleged indebtedness of Bok's bankruptcy estate to Boatman and because there is no evidence that Bok has consented to the representation of Boatman or understands the risks involved, as required by Rule 7.1(b)(2) this Court grants the Motion to disqualify. CT Page 9768
BY THE COURT,
Hon. Howard Scheinblum Superior Court Judge