2019 UT App 199

## THE UTAH COURT OF APPEALS

NEIL ALAN JOHNSON AND JODI LYN JOHNSON,
Appellants,
*v.*
NATIONSTAR MORTGAGE LLC,
Appellee.

Opinion
No. 20180417-CA
Filed December 12, 2019

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 180400119

Judson T. Pitts, Attorney for Appellants

Robert H. Scott and Jason T. Baker, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

POHLMAN, Judge:

¶1　Appellants Neil Alan Johnson and Jodi Lyn Johnson
(collectively, the Johnsons) appeal the district court's dismissal
of their claims against Nationstar Mortgage LLC, with respect to
the Johnsons' mortgage on a home in Lehi, Utah (the Property).
The Johnsons contend that the court erred in concluding that
their claims under the Truth in Lending Act are barred by the
doctrine of res judicata. We disagree with the Johnsons and
affirm.

BACKGROUND

¶2    In April 2007, the Johnsons financed ownership of the Property through a loan evidenced by a promissory note (the Note) and secured by a trust deed on the Property. The trust deed, duly recorded in the Utah County recorder's office, named Varent Inc. as the lender and Mortgage Electronic Registration Systems Inc. (MERS) as the nominal beneficiary. The trust deed was later assigned to Nationstar Mortgage LLC and U.S. Bank NA.

¶3    The Note required the Johnsons to make payments on the first day of each month and that any amounts still owing under the Note as of the maturity date in May 2037 would be due at that time. Additionally, the Johnsons agreed to nonjudicial foreclosure of the Property in the event of default.

¶4    The Johnsons defaulted on the Note, and a notice of default was recorded in the Utah County recorder's office on October 30, 2009. The default notice accelerated the loan, making the entire obligation "immediately due and payable." A trustee's sale was scheduled for September 2010.

*The First Suit*

¶5    The Johnsons filed suit in September 2010 (the First Suit), naming as defendants, among others, Varent's former CEO, MERS, and the foreclosure trustee. The Johnsons sought relief from the nonjudicial foreclosure proceedings that had been initiated against them, alleging that it appeared "no entity exists today with the right to commence a non-judicial foreclosure on [the Property]" and that there was a controversy over "whether or not any of the Defendants are qualified or entitled to sell [the Property]." Among the factual bases allegedly entitling them to relief, the Johnsons claimed that "[o]n or about March 17, 2010, [they] executed and recorded their Notice of Right to Cancel"

pursuant to the Truth in Lending Act (TILA), *see generally* 15 U.S.C. § 1635 (2018), and that "[c]opies of [the Johnsons'] executed and recorded Notice of Right to Cancel was delivered to all known Defendants by same Process on or about March 26, 2010." As relief, among other requests, the Johnsons asked the court to enjoin the defendants from exercising their remedies under the trust deed.

¶6 Several of the defendants—including the trustee and the beneficiary under the trust deed at the time—filed a motion to dismiss the First Suit with prejudice pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. In their motion, the defendants addressed the TILA allegations and argued that the Johnsons had failed to state a claim for relief under TILA where "multiple courts have rejected the [Johnsons'] premise" that "mere declaration of rescission of a loan for purported TILA violations" automatically cancels "the security interest represented by the recorded deed of trust so as to terminate any right to proceed with nonjudicial foreclosure." (Citing *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 54–55 (1st Cir. 2002).) In response, the Johnsons filed their own motion to dismiss (without prejudice), stating that they wanted to file their complaint in federal court.

¶7 In January 2011, the district court granted the defendants' motion to dismiss with prejudice. In so doing, it specifically addressed the Johnsons' TILA allegations. The court adopted the reasoning set forth in the cases cited by the defendants and rejected the Johnsons' premise that "mere declaration of rescission of a loan for purported TILA violations" automatically cancels "the security interest represented by the recorded deed of trust so as to terminate any right to proceed with nonjudicial foreclosure." For this reason (and others not relevant to this appeal), the court concluded that the Johnsons' complaint failed to state a claim.

¶8    The Johnsons did not appeal the dismissal of the First Suit. Instead, between September 2010 and June 2017, they filed seven bankruptcies, all of which were dismissed. No trustee's sale occurred during that time period.[1]

## *The Present Suit*

¶9    In December 2017, U.S. Bank issued a notice of sale of the Property, scheduled for January 2018. That January, shortly before the sale was to take place, the Johnsons filed the complaint in the present suit (the Present Suit). The complaint named Nationstar and U.S. Bank as defendants, and through it the Johnsons sought injunctive and declaratory relief against the scheduled nonjudicial foreclosure sale.

¶10    In an attempt to distinguish the Present Suit from the previous two, the Johnsons asserted in the complaint that the December 2017 notice of sale was an "independent and separate action" not covered by the rulings in the previous suits. More specifically, the Johnsons argued that the rulings in those suits should have "no legal effect on the ability of a Court to apply the fact of the [Johnsons'] Notice of Right to Cancel upon other facts as presented to the Court here." They also alleged that the United States Supreme Court's decision in *Jesinoski v.*

---

1. In 2017, the Johnsons filed a second suit in which they also alleged, among other things, that they were entitled to relief from the nonjudicial foreclosure proceedings pursuant to their TILA rescission. The district court dismissed the suit with prejudice, concluding, among other things, that the Johnsons' TILA rescission claim was barred by the doctrine of claim preclusion because the court in the First Suit considered and rejected that claim and all the elements of claim preclusion had been met. The Johnsons timely appealed the dismissal, and this court dismissed that appeal without prejudice for lack of finality.

*Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015),[2] essentially "overruled the decisions" relied upon by the district court when it dismissed their TILA rescission claims in the previous suits. Thus, the court was "not barred from legally re-interpreting" the effect of the Johnsons' 2010 rescission notice on the trustee's authority to conduct the foreclosure sale in 2018.

¶11 Notwithstanding the Johnsons' requests for relief, the foreclosure sale took place on January 19, 2018, with U.S. Bank as the successful bidder. On January 29, 2018, Nationstar and U.S. Bank[3] filed a rule 12(b)(6) motion to dismiss, arguing, among other things, that the TILA rescission claims raised in the complaint with respect to the propriety of the foreclosure on the Property had already "been heard and rejected by two prior courts" and were accordingly barred under the doctrine of res judicata.

¶12 The district court granted the motion to dismiss. The court agreed that the claims raised in the Present Suit were

---

2. In *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), the Supreme Court addressed whether a borrower, to effectively exercise rescission rights under TILA, is required to file a lawsuit within three years of the loan's consummation, or whether it is sufficient for the borrower to simply provide written notice to the lender within the three-year period. *Id.* at 791–93. The Court held that the relevant TILA provisions unequivocally indicate that "a borrower need only provide written notice to a lender in order to exercise his right to rescind" and that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely." *Id.* at 792–93. In other words, "[t]he statute does not also require him to sue within three years." *Id.* at 792.

3. U.S. Bank has not made an appearance in this appeal.

barred by the claim preclusion branch of res judicata. It determined that all three elements of claim preclusion had been met with respect to the injunctive and declaratory relief requested. While the court acknowledged that the new notice of sale served on the Johnsons in December 2017 was a "new fact" that "could not have been considered" in previous litigation, it identified the relevant "transaction" at issue as the 2007 loan and the "later attempt to rescind it under TILA." In this respect, the court explained that the "facts required to raise that TILA claim were known and raised during both" of the previous suits, noting that if those facts were "excised from the present case, there is no cause of action."

¶13 Additionally, the court explained that the Johnsons' reliance on *Jesinoski* was misplaced because "the test for claim preclusion does *not* include a requirement to review the prior case for legal error." If the Johnsons believed "that the [First Suit] was improperly dismissed," the court explained, an appeal "was their remedy." Thus, concluding that the claims in the Present Suit arose from the same transaction as that involved in the First Suit, the court dismissed the Present Suit as barred.

¶14 The Johnsons timely appeal the dismissal of their complaint.

ISSUE AND STANDARD OF REVIEW

¶15 The Johnsons raise one issue on appeal that we address on the merits.[4] They argue that the district court erred in

---

4. The Johnsons also ask that we determine that the district court committed reversible error in declining to grant their request to apply the TILA procedures to their case rather than Utah's nonjudicial foreclosure statutes. Because we conclude that the

(continued…)

concluding that claims based on their TILA rescission were barred under the claim preclusion branch of res judicata. "Whether a claim is barred by res judicata is a question of law that we review for correctness." *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 9, 284 P.3d 622.

## ANALYSIS

¶16   The Johnsons argue that the district court erred in concluding that their claims with respect to their TILA rescission are barred by the claim preclusion branch of res judicata. While they make several arguments with respect to the correct characterization of a TILA rescission, they essentially argue that reliance on their TILA rescission as a basis for injunctive relief in the First Suit did not amount to raising *a claim* for claim preclusion purposes. We disagree.

¶17   Claim preclusion is a branch of res judicata "premised on the principle that a controversy should be adjudicated only once," and it thereby precludes a party from relitigating a claim. *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 29, 221 P.3d 194 (cleaned up). To determine whether res judicata bars a claim, courts evaluate three elements:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

---

(…continued)
district court properly dismissed the Present Suit as claim precluded, we have no occasion to address this related issue.

*Gillmor v. Family Link, LLC,* 2012 UT 38, ¶ 10, 284 P.3d 622 (cleaned up).

¶18    The Johnsons do not appear to contest the district court's specific determinations with respect to the elements themselves. Instead, the Johnsons argue that the district court incorrectly determined that the TILA rescission issue was a claim at all, primarily by characterizing their TILA rescission as an "absolute defense" to the nonjudicial foreclosure proceedings.

¶19    Our supreme court has defined claims or causes of action broadly, explaining that they are "the aggregate of operative facts which give rise to a right enforceable in the courts." *Swainston v. Intermountain Health Care, Inc.,* 766 P.2d 1059, 1061 (Utah 1988) (cleaned up); *accord Mack,* 2009 UT 47, ¶ 19; *American Estate Mgmt. Corp. v. International Inv. & Dev. Corp.,* 1999 UT App 232, ¶ 9, 986 P.2d 765. More specifically, a claim is "the situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf," petitioning "the court to award a remedy for injury suffered," while a cause of action "is necessarily comprised of specific elements which must be proven before relief is granted." *Swainston,* 766 P.2d at 1061 (cleaned up). Both are "resolved by a judicial pronouncement providing or denying the requested remedy." *Id.; see also Claim,* Black's Law Dictionary (11th ed. 2019) (defining "claim" as "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional," or "[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing"); *Cause of Action,* Black's Law Dictionary (11th ed. 2019) (defining "cause of action" as "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person," or "[a] legal theory of a lawsuit").

¶20  Applying these principles, we conclude that the Johnsons have not shown that their request for relief in the First Suit on the basis of TILA rescission is not a claim subject to preclusion. Regardless of whether their TILA rescission might be characterized under the TILA framework as a defense in the abstract, the Johnsons *treated* their TILA rescission as a claim or cause of action for relief in the First Suit. *See Pohl v. U.S. Bank*, 859 F.3d 1226, 1230–31 (10th Cir. 2017) (rejecting the appellants' assertion that their TILA rescission was not a claim for claim preclusion purposes, concluding, based on the definition of "claim," that "it is apparent that once the lender rejected the [appellants'] notice [of rescission], they had a 'claim' for rescission and a 'claim' for TILA violations"). In the First Suit, the Johnsons sought to enforce their rights in the Property and affirmatively requested relief from the nonjudicial foreclosure proceedings in progress against their interests, citing the TILA rescission as a basis for granting such relief. *See Mack*, 2009 UT 47, ¶ 19 ("A party has a claim if the alleged facts give rise to a right enforceable in the courts." (cleaned up)). To that end, the district court in the First Suit plainly resolved their requested entitlement to relief based on the fact of the TILA rescission, concluding that the rescission did not preclude the lenders' "right to proceed with nonjudicial foreclosure." *See Swainston*, 766 P.2d at 1061. The Johnsons did not appeal that decision. And apart from delineating the burdens and procedures applicable to rescissions under TILA and their supposed applicability following *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), *supra* note 2, the Johnsons do not otherwise explain why claim preclusion does not apply to the actions they affirmatively took to enforce their rights—i.e., filing suit seeking judicial relief from the nonjudicial foreclosure proceedings on the basis of their TILA rescission.

¶21  For these reasons, we affirm the district court's determination that the Johnsons' request for relief on the basis of their TILA rescission is barred by the doctrine of res judicata.

CONCLUSION[5]

¶22    We conclude that the district court properly dismissed the Present Suit on the basis of res judicata. Accordingly, we affirm.

––––––––––

5. In a single sentence of the conclusion in its brief, Nationstar asks this court to award it attorney fees incurred on appeal pursuant to rule 33 of the Utah Rules of Appellate Procedure. Rule 33 provides that if an appellate court determines that an appeal taken is "either frivolous or for delay, it shall award just damages, which may include . . . reasonable attorney fees, to the prevailing party." Utah R. App. P. 33(a). "[P]arties seeking attorney fees under rule 33 face a high bar." *Porenta v. Porenta*, 2017 UT 78, ¶ 51, 416 P.3d 487. This is because the "imposition of such a sanction is a serious matter and only to be used in egregious cases, lest the threat of such sanctions should chill litigants' rights to appeal lower court decisions." *Id.* (cleaned up). Here, Nationstar has not explained why the Johnsons' appeal meets this standard. Because Nationstar has not demonstrated that rule 33 fees are justified, we decline to award them.